```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA

                       AT CHARLESTON
```

LARRY BROWN and
ROSANNA BROWN,

    Plaintiffs,

v.                                 Civil Action No. 2:13-31404

CMH MANUFACTURING, INC.
a foreign corporation, and
CMH HOMES, INC.
a foreign corporation, and
VANDERBILT MORTGAGE AND FINANCE, INC.
a foreign corporation,

    Defendants.


<u>ORDER</u>

The court has reviewed the report of the parties' planning meeting filed pursuant to Federal Rule of Civil Procedure 26(f). It is ORDERED that the scheduling conference be, and it hereby is, cancelled.

Pursuant to Rule 16(b) and Local Rule of Civil Procedure 16.1(e), it is accordingly ORDERED that this case shall proceed as follows:

| Deadline | Date |
|---|---|
| Amending the pleadings or joining parties | 3/28/2014 |
| Last date to serve discovery requests | 07/01/2014 |
| Opening Rule 26 expert disclosures | 06/16/2014 |
| Responsive Rule 26 expert disclosures | 07/16/2014 |
| Rebuttal Rule 26 expert disclosure | 08/01/2014 |

| | |
|---|---|
| Discovery to close | 08/15/2014 |
| Dispositive motions deadline | 09/04/2014 |
| Response to dispositive motion | 09/18/2014 |
| Reply to response to dispositive motion | 09/25/2014 |
| Settlement meeting | 11/05/2014 |
| Motion in limine deadline | 11/12/2014 |
| Responses for motions in limine | 11/19/2014 |
| Proposed pretrial order to defendant | 11/10/2014 |
| Integrated pretrial order | 11/17/2014 |
| Pretrial conference | 12/05/2014 10:00 AM |
| Proposed jury charge | 12/17/2014 |
| Final settlement conference | 1/5/2015 10:00 AM |
| Trial | 1/6/2015 9:30 AM |

The amendment of any pleading and the joinder of any party is subject to Rules 15 and 16, and the accompanying rules governing the joinder of parties.

The last date to complete depositions shall be the "discovery completion date" by which all discovery, including disclosures required by Federal Rule of Civil Procedure 26(a)(1), and (2), but not disclosures required by Federal Rule of Civil Procedure 26(a)(3), shall be completed.  Pursuant to Local Rule 26.1(c), the court adopts and approves the agreements of the parties with respect to limitations on discovery (numbers of interrogatories, requests for admissions, and depositions).

Regarding the settlement meeting, the parties and their lead trial counsel, if any, shall meet and conduct negotiations

looking toward the settlement of the action, and counsel and any unrepresented parties will be prepared at the pretrial conference to certify that they have done so.  Counsel for the plaintiff(s) shall take the initiative in scheduling the settlement meeting, and all other counsel and unrepresented parties shall cooperate to effect such negotiations.  If the action is not settled during the settlement meeting or mediation session, and if there is no order or stipulation to the contrary, counsel and unrepresented parties shall make all Rule 26(a)(3) disclosures at the conclusion of the meeting or session.

The proposed integrated pretrial order, signed by all counsel and unrepresented parties, shall set forth the matters listed in Local Rule of Civil Procedure 16.7(b).

At both the pretrial and final settlement conferences, lead trial counsel shall appear fully prepared to discuss all aspects of the case.  Individuals with full authority to settle the case for each party shall be present in person or immediately available by telephone.

Regarding the proposed charge to the jury, counsel shall submit numbered instructions in charge form on substantive theories of recovery or defense, on damages and on evidentiary matters peculiar to the case, and special interrogatories, if any be appropriate to the case, along with a proposed verdict form.

Should lead trial counsel fail to appear at any pre-trial conference or otherwise fail to meet and confer in good faith with opposing counsel as required herein, or should a party or his authorized representative fail to appear or be available at any conference or otherwise fail to meet and confer in good faith as required herein, appropriate sanctions may be imposed, including, but not limited to, sanctions by way of imposition of attorney fees against the attorney and/or his client pursuant to Fed. R. Civ. P. 16(f).

All proceedings shall be held by the court at the Robert C. Byrd United States Courthouse, Charleston, West Virginia.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: February 13, 2014

John T. Copenhaver, Jr.
United States District Judge