UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

LARRY BROWN and
ROSANNA BROWN,

       Plaintiffs,

v.                            Civil Action No. 2:13-31404

CMH MANUFACTURING, INC.
a foreign corporation, and
CMH HOMES, INC.
a foreign corporation, and
VANDERBILT MORTGAGE AND FINANCE, INC.
a foreign corporation,

       Defendants.

<u>MEMORANDUM OPINION & ORDER</u>

      Pending is a motion by defendants CMH Manufacturing,

Inc., CMH Homes, Inc., and Vanderbilt Mortgage and Finance, Inc.,

filed June 18, 2014, for a protective order to stay discovery

pending resolution of their motion to compel arbitration. Also

pending is defendants' motion to continue the scheduling order in

this case, filed July 1, 2014.

      The defendants wish to stay discovery until their motion

to compel arbitration is decided.  The plaintiffs responded to the

motion to stay discovery, also on June 18, 2014, opposing it,

followed by the defendants' reply on June 30, 2014.  Similarly, in

their motion to continue the scheduling order, the defendants

request that the scheduling order be continued until the court rules on their motion to compel arbitration, as expert witness disclosure deadlines are soon approaching.

     With respect to a stay of discovery, the defendants argue that conducting discovery in this court would defeat the purposes of arbitration.  See CIGNA Health Care of St. Louis, Inc. v. Kaiser, 294 F.3d 849, 855 (7th Cir. 2002); 9 U.S.C. § 7 (2012). The defendants request an order under Federal Rule of Civil Procedure 26(c)(1) staying discovery until the motion to compel arbitration is decided.

     Rule 26(c)(1) provides:

> A party or any person from whom discovery is sought may move for a protective order . . . .  The court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense, including one or more of the following: (A) forbidding the disclosure of discovery; (B) specifying terms, including time and place, for the disclosure or discovery . . . .

Fed.R.Civ.P. 26(c)(1).  Under this rule, the court has the authority to stay discovery pending the outcome of a dispositive motion.  See Thigpen v. United States, 800 F.2d 393, 396-397 (4th Cir. 1986).  In this case, an order compelling arbitration could be dispositive, as the defendants argue that the entire case should be submitted to an arbitrator under the arbitration

agreement.  See Durham Cnty. v. Richards & Assocs., Inc., 742 F.2d 811, 814 (4th Cir. 1984).[1]

A number of factors, none wholly dispositive, guide the analysis under this rule for granting a stay pending the outcome of a dispositive motion.  They are (1) the type of motion, (2) whether the motion is a legal challenge or dispute over the sufficiency of allegations, (3) the "nature and complexity of the action," (4) "whether counterclaims and/or cross-claims have been interposed", (5) whether other parties agree to the stay, (6) the "posture or stage of the litigation", (6) "the expected extent of discovery in light of the number of parties and complexity of the issues in the case", (7) and "any other relevant circumstances".  Bragg v. U.S., Civ. Action No. 2:10-0683, 2010 WL 3835080, at *1-2 (S.D.W. Va. Sept. 29, 2010) (quoting Hatchette Distribution, Inc. v. Hudson Cty. News Co., Inc., 136 F.R.D. 356, 358 (E.D.N.Y. 1991)).

---

[1] The court notes that its decision to stay discovery in this case does not rest upon 9 U.S.C. § 3.  That statute compels the court to "stay the trial of the action until . . . arbitration has been had" when the court is "satisfied that [an] issue involved in such suit or proceeding is referable to arbitration."  9 U.S.C. § 3 (2012).  Because the court has yet to decide the motion to compel arbitration, the court is not satisfied that any issue in this case is referable to arbitration, so a stay under § 3 is unwarranted at this time.

The defendants' motion to compel arbitration could be dispositive of the matter, and is a legal challenge. There are no cross-claims or counterclaims.

The court notes that the plaintiffs do not agree to a stay. The plaintiffs' argument centers on what they see as dilatory conduct on behalf of the defendants in responding to the plaintiffs' discovery requests. The plaintiffs believe this motion for a protective order is a last ditch effort by the defendant to avoid responding to the plaintiffs' requests.[2] The plaintiffs contend that the defendants' delay in requesting a stay until four months after the scheduling order was entered, and less than two months before the close of discovery, is indicative of the defendants' intent to thwart discovery.

The plaintiffs also argue that the defendants have not put forth good cause for a stay of discovery, and that staying discovery will cause additional harm and increased damages to the plaintiffs, as they continue to reside in a substandard home.

While the defendants have waited a considerable time since discovery began to move to stay discovery, that does not

---

[2] The plaintiffs also argue that the defendants have "waived their objections" to discovery under Federal Rule of Civil Procedure 26(b)(5). But the defendants are not objecting to any duty to make discovery responses. Rather, they are requesting a stay of discovery.

negate the fact that the defendants will not be afforded the
benefits of arbitration should discovery continue and they prevail
on their motion to compel arbitration.  See Klepper v. SLI, Inc.,
45 Fed. App'x 136, 139 (3d Cir. 2002).   Moreover, the plaintiffs
will also be prejudiced if discovery proceeds and arbitration is
ordered, because the plaintiffs will have wasted the expense of
conducting discovery, only to conduct it again before an
arbitrator.  In addition, despite that the discovery completion
date is August 15, 2014, discovery does not appear to have
progressed beyond the plaintiffs' first interrogatories, requests
for production, and requests for admissions, and the plaintiffs'
expert witness disclosures.[3]  The court finds a stay of discovery
is warranted.

        Similarly, with respect to other deadlines imposed by
the scheduling order, such as deadlines for dispositive motions,
the court finds a general continuance of these deadlines until the
court rules on the motion to compel arbitration is warranted.
Both parties will be prejudiced by being forced to further prepare
experts and make dispositive motions should this case be
arbitrated instead.

---

[3] It is not lost upon the court that some of the delay in the
progression of discovery may be due to the defendants' failure to
timely respond to the plaintiffs' requests.  However, it is still
the case that discovery has not sufficiently progressed.

Accordingly, it is ORDERED as follows:

(1) the defendants' motion for a protective order to stay discovery pending resolution of the defendants' motion to compel arbitration, filed June 18, 2014, be, and it hereby is, granted;

(2) discovery in this matter be, and it hereby is, stayed pending resolution of the defendants' motion to compel arbitration;

(3) the defendants' motion to continue the scheduling order, filed July 1, 2014, be, and it hereby is, granted as specified herein;

(4) the deadlines imposed by the scheduling order in this case, to the extent those deadlines have not already passed, be, and they hereby are, continued pending resolution of the defendants' motion to compel arbitration.

The Clerk is directed to transmit this order to all counsel of record and any unrepresented parties.

ENTER: July 2, 2014

John T. Copenhaver, Jr.
United States District Judge